**James O'Neil BELVINS, Petitioner–Appellant,**

v.

**Alfonso K. FILLON, Warden, Salinas Valley State Prison, et al., Respondents–Appellees.**

**No. 00–55967.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner James O'Neil Belvins appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his 25–years–to–life sentence imposed following his conviction for sale or transportation of marijuana, possession for sale of marijuana, possession of a firearm by a felon, and possession of a concealed firearm in a vehicle by a convicted person. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Belvins first alleges that his trial counsel was ineffective by failing to request accomplice jury instructions tailored to the out-of-court statements of a witness. We disagree.

The district court correctly determined that even if the trial court would have given a cautionary accomplice instruction had his counsel requested it, Belvins did not establish that but for his trial counsel's failure to request the instruction there is a reasonable probability that the outcome of the trial would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring that a petitioner demonstrate his counsel was ineffective by establishing that his counsel's deficient performance prejudiced his defense).

Since Belvins fails to establish that he received ineffective assistance of trial counsel, he also fails to demonstrate that his appellate counsel was ineffective by not raising this issue. *Cf. Delgado v. Lewis,* 223 F.3d 976, 981 (9th Cir.2000) (concluding that the defendant was prejudiced by his appellate counsel's performance because there were deficiencies at trial warranting reversal.).

Because trial counsel's alleged deficient performance did not affect the outcome of the trial, the district court properly determined that Belvins failed to demonstrate that trial and appellate counsel were ineffective. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that petitioners are entitled to habeas relief only if a trial-type error, in light of the record as a whole, had a substantial and injurious effect or influence on the jury's verdict). Accordingly, the state court properly denied Belvins' petition. *See* 28 U.S.C.

§ 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied,* 537 U.S. 1149, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).

**AFFIRMED.**